UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**SOUTHERN DIVISION at LONDON**

| | | |
|---|---|---|
| DANIEL ORTIZ-MEDINA, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. |
| | ) | 6:20-cv-21-JMH |
| V. | ) | |
| | ) | |
| FNU PHILIP, et al., | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendants. | ) | **AND ORDER** |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Federal inmate Daniel Ortiz-Medina has filed a *pro se* civil rights complaint pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [DE 1]. The Court has granted his motion to proceed *in forma pauperis* by separate Order. This matter is before the Court to conduct the initial screening required by 28 U.S.C. §§ 1915(e)(2), 1915A.[1]

Ortiz-Medina was transferred from another federal prison to the United States Penitentiary-McCreary in July 2019. When Defendant "S.I.S. Philip" interviewed him at that time, Ortiz-

---

[1] These statutes direct a district court to dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When reviewing the plaintiff's complaint at this stage, the Court accepts all non-conclusory factual allegations as true and liberally construes its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012). The Court therefore sets forth Ortiz-Medina's allegations as fact.

Medina told him that he was a former gang member and a cooperating witness, presenting risks to his safety. When he repeatedly refused to be housed in the general population, Ortiz-Medina was issued four disciplinary reports resulting in the imposition of minor sanctions. One of these disciplinary convictions was later expunged. [DE 1 at 3-4].

In September 2019, Ortiz-Medina was transferred to the Federal Medical Center-Lexington. However, he had never received his personal property during his two-month stay at U.S.P. McCreary, and it was not delivered to him upon his arrival at FMC-Lexington. After Ortiz-Medina filed a grievance explaining that he needed his legal materials for an active civil case, some of his files were delivered to him in November 2019. Ortiz-Medina is now awaiting transfer to yet another prison, and expresses concern that his safety will still be at risk. Plaintiff names as defendants Gregory Kizziah, the Warden of USP-McCreary, in his official capacity, and FNU Philip in both his individual and official capacities. He seeks criminal prosecution of the defendants and just short of $10 million in damages for violation of his constitutional rights. [DE 1 at 4-5].

Having thoroughly reviewed the complaint, the Court will dismiss it with prejudice. The claims against both of the defendants in their official capacities must be dismissed because a suit against a government employee in his official capacity is

2

actually a suit against the government agency that employs him. *Hopper v. Phil Plummer*, 887 F. 3d 744, 760 n.4 (6th Cir. 2018). In this instance, that agency is the Bureau of Prisons, a federal agency that enjoys sovereign immunity against claims for constitutional torts. *Bivens* only authorizes suits against federal employees in their individual capacity for violations of civil rights; it does not waive the sovereign immunity enjoyed by the United States and its agencies. *Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 370 (6th Cir. 2011).

The individual capacity claim against "FNU Philip" must be dismissed for several reasons. Ortiz-Medina fails to adequately identify this defendant, providing only his first name. And the plaintiff states only that FNU Philip interviewed him, he does not indicate that Philip was involved in any of the other matters about which he complains. Indeed, Ortiz-Medina states that other officers were responsible for imposing the disciplinary sanctions against him, and does not suggest this defendant possesses any authority to determine his prison placement. In any event, inmates have no constitutional right to placement in any particular prison, *Harris v. Truesdell*, 79 F. App'x 756, 759 (6th Cir. 2003), and despite his concerns the plaintiff does not allege that he has suffered any actual injury resulting from his prison placement. Finally, Ortiz-Medina states no First Amendment claim because he does not allege direct injury to a non-frivolous legal claim.

3

*Barnett v. Luttrell*, 414 F. App'x 784, 787 (6th Cir. 2011). For each of these reasons, the plaintiff's complaint fails to state a claim against the named defendants and will be dismissed.

Accordingly, it is **ORDERED** as follows:

1) Daniel Ortiz-Medina's complaint [DE 1] is **DISMISSED**, with prejudice;

2) This matter is **STRICKEN** from the active docket; and

3) The Court will enter an appropriate Judgment contemporaneously herein.

This 31st day of January, 2020.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge